IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CATHERINE DIANE ENIX                                                    PLAINTIFF

     v.                    CIVIL NO. 3:16-cv-3108-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF Nos. 19, 20). The Defendant has filed a response and the matter is now ripe for resolution. (ECF No. 22).

On November 1, 2017, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $4,716.00 representing a total of 26.2 attorney hours for work performed in 2016 and 2017 at an hourly rate of $180.00. (ECF No. 19). On November 8, 2017, the Defendant filed a response objecting only to the timeliness of the Plaintiff's motion. (ECF No. 22). Defendant contends that Plaintiff's motion is premature.

A party may file for attorney fees under the EAJA within 30 days of final judgment. 28 U.S.C. § 2412(d)(1)(B). A final judgment, for purposes of the EAJA, is one that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Where, as here, the United States Government is a party to proceedings, the appeal period runs for 60 days from the entry of a judgment. *See* Fed. R. App. P. 4(a)(1)(B). Thus, a request for an award of attorney fees under the EAJA may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended.

In the present case, this Court remanded the case pursuant to the Administration's Motion for Sentence Four Remand on September 27, 2017. (ECF No. 18). As such, the Judgment became final and not appealable on November 26, 2017. While we agree that Plaintiff's November 1, 2017, motion was premature, we also note that the case was remanded on the Commissioner's Motion. Moreover, as of the date of this decision, the motion is now timely. Therefore, because the Administration has addressed the merits of the Plaintiff's motion in its response, the Court will rule on the merits of the case. We find that dismissing the matter and requiring the Plaintiff to refile the same exact motion, given these circumstances, would be inefficient; however, counsel for the Plaintiff is reminded of the time provisions found in 28 U.S.C. § 2412(d)(2)(G) and Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure.

Accordingly, after reviewing the Plaintiff's motion and the Administration's response, it is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case. The record clearly shows that she is the prevailing party; the government's decision to deny benefits was not "substantially justified;" the hourly rate requested for attorney hours does not exceed the CPI for either year in question; and, the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for

similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). As such, the undersigned finds that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,716.00.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Accordingly, the Plaintiff is awarded the sum of **$4,716.00** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 4th day of December, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE